IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RANDALL LEE CONRAD,             )
                                )
    Petitioner,              )
                                )
v.                              )      1:07CV313
                                )      1:04CR297-1
UNITED STATES OF AMERICA,       )
                                )
    Respondent.              )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's Motion [Doc. #105] seeking relief from the Court's Judgment [Doc. #89] denying his Motion [Doc. #80] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Petitioner was convicted in this Court on a number of drug trafficking and firearm charges before being sentenced to a total of 300 months of imprisonment. The charges stemmed from two separate searches conducted at residences where Petitioner lived or spent a great deal of time, with one residence being located in Stokes County, North Carolina, and the other in Forsyth County, North Carolina. Petitioner contested his convictions through both a direct appeal and, later, his § 2255 Motion. He now brings his current Motion under Federal Rule of Civil Procedure 60(d)(3) for alleged "fraud on the court" during the § 2255 proceeding.[1] In support of his Motion, Petitioner alleges that his former

---

[1] The Court notes that Petitioner's Rule 60 Motion, which was filed on May 3, 2010, was not clearly captioned. Petitioner subsequently filed a "Motion of Clarification" on March 25, 2013, asking for review of his "60(d)(3) motion." Based on the clarification, Petitioner's May 3, 2010 filing was referred for review with the 2013 Motion for Clarification.

attorney, William Ingram, committed fraud on the court in an affidavit which Mr. Ingram executed and which the Government submitted in response to Petitioner's § 2255 Motion.

Although Petitioner cites to Rule 60(d)(3) as the basis for his Motion, he also cites to the standard applicable for motions under Rule 60(b)(3). A party may move for relief from a final judgment under Federal Rule of Civil Procedure 60(b)(3) based on alleged fraud by an opposing party. See, e.g., Schultz v. Butcher, 24 F.3d 626 (4th Cir. 1994) (noting that there are "three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case"). However, any claim under Rule 60(b)(3) must be brought within one year after the entry of the judgment being challenged. See Fed. R. Civ. P. 60(c)(1). In this case, the Court denied Petitioner's § 2255 Motion in a Judgment entered on February 11, 2008, but Petitioner did not file his current Motion until May 3, 2010, or more than two years later.[2] The Court does not have the power to extend the time to file under Rule 60(b)(3). See Fed. R. Civ. P. 6(b)(2). Therefore, Petitioner's Motion, to the extent it seeks relief from a final judgment pursuant to Rule 60(b)(3), should be dismissed as untimely.

To the extent that Petitioner also purports to bring his claim under Rule 60(d) rather than 60(b), Rule 60(d) provides, in relevant part:

> (d) **Other Powers to Grant Relief.** This rule does not limit a court's power to:
> . . . .
> (3) set aside a judgment for fraud on the court.

---

[2] In addition, Petitioner's exhibits demonstrate that he was in possession of the evidence he uses in support of his Motion by August 2008.

However, "[w]hether alleged in connection with an independent action or through a motion to vacate, fraud on the court as a basis for collaterally attacking a judgment under Rule 60(d) is materially different from the fraud referred to in Rule 60(b)(3)." Ward v. Maloney, No. 1:08CV54, 2008 WL 7346920 (M.D.N.C. Sept. 29, 2008). Fraud upon the court is "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Great Coastal Express v. International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., 675 F.2d 1349, 1355–56 (4th Cir. 1982). A party asserting a "fraud upon the court" must establish a material and deliberate fraud. Id. at 1353–56. Independent actions seeking to vacate a judgment are reserved for "'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata" and therefore are available "only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 46–47 (1998) (quoting Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 244 (1944)). (See § 2255 Response [Doc. #82], Ex. 2.)

Thus, establishing a claim of fraud on the court requires more than showing fraud upon a party. Rather it is "'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010) (quoting United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir. 2009)). A close examination of Petitioner's allegations of fraud in the present case reveals that they fall far short of meeting these requirements.

3

Petitioner's Rule 60 Motion makes a number of allegations of ineffective assistance of counsel before making six numbered allegations of fraud.[3] Petitioner's first allegation of fraud relates to two attorneys, Mr. Gehring and Mr. Bruce, who represented Petitioner on state charges that were later dismissed in favor of federal charges in this Court. The state charges were based on the same searches and seizures in Stokes and Forsyth Counties. Attorneys Bruce and Gehring attended a probable cause hearing related to the Stokes County search and heard officers testify at that hearing concerning that search. As part of his § 2255 Motion, Petitioner alleged that Mr. Ingram was ineffective for failing to call Mr. Bruce and Mr. Gehring as witnesses during his trial. Ingram's affidavit in the § 2255 proceeding states that Petitioner wanted Gehring and Bruce "to testify at his trial concerning [an] inconsistency" between a police report and an officer's testimony in Stokes County about whether or not Petitioner was lying on the bedroom or bathroom floor when officers entered and saw him. (Ingram Aff at 2.) Ingram goes on to explain that he did not call Gehring or Bruce as witnesses because the inconsistency was minor and was adequately explained by the officer on the stand during Petitioner's trial. Petitioner now alleges that Ingram falsely stated in his affidavit "that he had no idea what [Petitioner] wanted Mr. Gehring and Bruce to testify to except to where [Petitioner] was lying on the floor." (Rule 60 Motion at 10 (citing Ingram Aff. at 1-2).) As evidence that this is false, Petitioner points to letters he sent to Mr. Ingram which Petitioner claims that he "clearly ask [Ingram] for Mr. Gehring and Bruce in case detectives testify falsely in court." (Id. (citing Ex. 3(c) and (e).) However, contrary to Petitioner's allegations, Mr. Ingram's affidavit does not state

---

[3] Of course, allegations of ineffective assistance of counsel at trial would have to be brought separately under 28 U.S.C. § 2255, after obtaining permission to file a second or successive Petition.

that Ingram "had no idea" about why Petitioner wanted them to testify. Further, Petitioner's exhibits do not show that he asked Mr. Ingram to call Gehring or Bruce to testify as to any other matter. In fact, Exhibit 3(c) notes on page two the inconsistency in the officer's testimony concerning where Petitioner was lying and specifically states "[t]his is the reason to subpoena Attorneys Mr. John Gehring and Michael Bruce to rebuttely [sic] and false testimony." No other mention of the attorneys is made in that Exhibit except on page three where it notes that they should be subpoenaed to "testify about what was said at the probable cause hearing." It mentions no specific issue for the testimony to address. Similarly, on page one of Exhibit 3(e), Petitioner asks that Ingram subpoena Gehring and Bruce so that officers who previously testified at the probable cause hearing "will be lest [sic] likely to lie and if they do we have a counter and the 'truth.'" Petitioner makes no further mention of Gehring and Bruce in that Exhibit. In no way do Petitioner's exhibits show that Ingram's statement is false. To the contrary, Petitioner's exhibits actually bolster Ingram's statement because the issue of where Petitioner was lying on the floor is the only specific issue mentioned by Petitioner in the exhibits. Petitioner's first claim under Rule 60 easily fails.

Petitioner's second claim is based on a statement by Mr. Ingram that Petitioner wanted him to file a motion based on "confusion of the evidence," but that Ingram did not know what such a motion might be. (Ingram Aff. at 2.) The primary problem with Petitioner's second claim is that he in no way shows that this statement is false, but instead attempts to explain the nature of the motion that he wanted to file and take Ingram to task for not understanding this or at least attempting to find out what Petitioner wanted. This argument is closely akin to an

5

ineffective assistance of counsel argument, which places it well outside of the scope of a proper motion under Rule 60(d). Petitioner is attempting to further explain and/or reargue his § 2255 Motion, not point to any alleged fraud on the part of Ingram. Therefore, this claim too fails on its face.

Petitioner's next contention points to Ingram's statement that "Mr. Conrad never requested that I file any motions. I never informed him that I was filing motions which, in fact, I did not file." (Ingram Aff. at 9.) Petitioner states that Exhibits 3(c), (d), and (f) show that this statement is false. Exhibit 3(c) is a letter from Petitioner to Ingram that initially sets out thirteen "Grounds for Defense" as to Counts 5, 6, and 7 of the Indictment and two more grounds as to Count 1. It then has a heading for "Motions" which states: "1. Make motion to suppress evidence, challenge of probable cause supporting search on the grounds of truthfulness" and "2. Make a motion on the drugs found in the septic tank." (Exhibit 3(c) at 3.) It then goes on to list witnesses for subpoena and certain items of evidence. Exhibit 3(d) is a letter inquiring as to whether or not the state had dropped all of its charges against Petitioner. It appears to ask that Mr. Ingram file a Motion to exclude statements related to the state charges against Petitioner if the state charges have been dropped. It adds that all Motions would be due on or before Wednesday, September 15, 2004, and asks Ingram to "please check this out and file the right motion." (Exhibit 3(d).) Finally, Exhibit 3(f) is a letter from Petitioner to Mr. Ingram setting out a portion of a proposed opening statement. Following that statement, it sets out a series of questions, including "Did you file the motion to suppress under no probable cause?" (Exhibit 3(f) at 2.) Thus, Plaintiff's letters do appear to discuss at least the possibility of filing

certain pretrial motions concerning suppressing evidence and to inquire as to whether they were filed. However, these letters are not sufficient to establish fraud on the court. In this regard, the Court notes that the letters in no way address the substantive portion of Mr. Ingram's challenged statement, which is that Mr. Ingram never told Petitioner that he would be filing a motion which he later did not file. Moreover, to the extent there is any inaccuracy as to whether Petitioner asked Mr. Ingram to file any motion, there is no evidence of anything beyond an unintentional misstatement or faulty recollection, and certainly no evidence of intentional fraud that would impinge the integrity of the court or that would amount to a grave injustice. Finally, the Court notes that the prior Recommendation with respect to Petitioner's underlying § 2255 Motion did not rely on this representation, and instead simply noted that Petitioner had failed to state any recognizable claim regarding potential motions.[4] Thus, Petitioner's letters do not establish fraud on the court. This claim for relief should be denied.

Petitioner's fourth claim is that Ingram falsely stated that he met with Mr. Bruce in his office in Danbury, North Carolina. Petitioner contends, without evidentiary support, that this was not possible because Mr. Bruce's office was located in the city of Walnut Cove, another town in the same county, during 2004-2005. Not only does Petitioner provide no support, but one of the exhibits attached to his § 2255 Motion actually appears to contradict him. It is a letter written by Mr. Bruce to Petitioner which states quite clearly that Mr. Ingram talked to him in his office in Danbury, in 2004. (§ 2255 Motion, Exhibit 2.) Finally, the location of Mr. Ingram and

---

[4] As already stated with respect to Petitioner's prior contentions, Petitioner cannot use a claim of fraud on the court to attempt to further specify, explain, or elaborate upon claims he failed to sufficiently raise in the original § 2255 proceeding.

7

Mr. Bruce's meeting is irrelevant. Whether they met in Danbury or Walnut Cove, Petitioner has produced no evidence to show that they did not meet and discuss his case. His claim fails accordingly.

Petitioner next argues that Mr. Ingram falsely stated in his affidavit that Petitioner never asked for a copy of the search warrant and application that led to one of the searches of his residences. He relies on page two of Exhibit 3(f) which he claims demonstrates that he "clearly asked Mr. Ingram if he had done anything [Petitioner] asked and that [Petitioner] needed all the information the gov. had in [ ] order to counter their attack." (Rule 60 at 11.) As described previously, Exhibit 3(f) consists mainly of a proposed opening statement written by Petitioner. However, this is followed by a series of questions. One does ask Mr. Ingram if he has done anything Petitioner asks. It does not mention obtaining information from the government generally or a search warrant and application specifically. Therefore, it in no way supports Petitioner's claim, which should be denied.

Petitioner's final claim is more a reargument of his § 2255 Motion than an actual accusation of any fraud. As he correctly notes, Mr. Ingram stated in his affidavit on pages five and six that he told Petitioner that he (Mr. Ingram) would make the final decision as to which questions to ask of any witnesses. Petitioner also points out that he told Mr. Ingram he needed a "stand up lawyer" because his life was on the line (exhibit 3(d)) and that he supplied Mr. Ingram with "vital" questions to ask (exhibits 3(e), (g)). Petitioner concludes that the information that would have been elicited from the questions "needed to be said and heard in court inn [sic] order for the jury to have all the true facts of the case." (Rule 60 Motion at 12.)

8

None of this establishes any fraud. Instead, it indicates only that Mr. Ingram told Petitioner he would decide which questions to ask, that Petitioner proposed a number of questions, and that Petitioner now feels that his questions should have been asked because they were important. As with his second claim of fraud, this is really an accusation of ineffective assistance of counsel, not an accusation of the type of fraud that would sustain a Rule 60(d)(3) motion. This claim should be denied for that reason and Petitioner's entire Rule 60 Motion should be denied.

As noted above, Petitioner subsequently filed a "Motion of Clarification" asking for review of his "60(d)(3) motion." In the Motion for Clarification, Petitioner also contends that the Government agrees with him because it did not file a response to his Motion, and continues to argue his § 2255 claims and his Rule 60 Motion. However, no response by the Government was required because the Court never ordered a response, and no response is necessary given that the Rule 60 Motion fails on its face for the reasons set out above. Finally, none of Petitioner's continued arguments in the Motion for Clarification affect the conclusion set out above. Therefore, his Motion of Clarification should also be denied.[5]

**IT IS RECOMMENDED** that Petitioner's Motion under Rule 60(d)(3) [Doc. #105] and Motion of Clarification [Doc. #126] be DENIED.

This, the 28th day of February, 2014.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge

---

[5] Petitioner also filed what the Court has treated as a new Motion under § 2255 [Doc. #127]. That Motion has been addressed separately.